## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TAM FUK YUK,**

      **Petitioner,**

v.                                                                              **CASE NO. 8:12-CV-2088-T-27JSS**
                                                                   **CRIM. CASE NO. 8:08-CR-404-T-27MAP**

**UNITED STATES OF AMERICA,**

      **Respondent.**

_____/

## <u>ORDER</u>

BEFORE THE COURT are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1), the Government's response and supplemental responses to the Section 2255 motion (CV Dkts. 6, 26, 27), and Petitioner's replies to the response and supplemental responses (CV Dkts. 9, 19, 28).  Upon review, Petitioner's Section 2255 motion is DENIED.

### Procedural Background

An Indictment charged Petitioner and six others with conspiring to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b) (Count One); and with aiding and abetting each other and others unknown in possessing five kilograms or more of cocaine with intent to distribute while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(1) and 70506(a), and 18 U.S.C. § 2 (Count Two) (CR Dkt. 1).  A

jury found Petitioner guilty on both counts of the Indictment (CR Dkt. 289).[1]   Petitioner was

sentenced to one hundred eighty (180) months imprisonment to be followed by five years of

supervised release (CR Dkt. 344).  Petitioner's convictions and sentences were affirmed on appeal

(CR Dkt. 406).

Petitioner filed his Section 2255 motion raising seven grounds for relief, each containing

multiple sub-claims (CV Dkt. 1).  The Government filed a response in opposition to the Section

2255 motion (CV Dkt. 6).  Petitioner filed a reply (CV Dkt. 9).  Petitioner subsequently filed a

motion to amend his Section 2255 motion requesting leave to allege an additional claim, that counsel

was ineffective in failing to advise Petitioner that he had the right to testify at trial (CV Dkt. 10), a

memorandum in support of the motion to amend (CV Dkt. 11), and an affidavit in support of his

Section 2255 motion (CV Dkt. 12).  The Court granted the motion to amend, and directed the

Government to file a supplemental response (CV Dkt. 16).  Petitioner filed a supplemental reply (CV

Dkt. 19).  Thereafter, the Government filed its supplemental response (CV Dkts. 26, 27) and trial

counsel's affidavit (CV Dkt. 27-1), and Petitioner filed his reply to the supplemental response (CV

Dkt. 28).

## Standard of Review for Ineffective Assistance of Counsel Claims

*Strickland v. Washington*, 466 U.S. 668 (1984), governs Petitioner's ineffective assistance

of counsel claims:

> The law regarding ineffective assistance of counsel claims is well settled and well
> documented. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d
> 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective
> assistance of counsel claims.  According to *Strickland*, first, the defendant must show

---

[1]Co-defendant Chun Hei Lam was also convicted on both counts (CR Dkt. 290).  The other five co-defendants were found not guilty (CR Dkts. 291-95).

> that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Petitioner must demonstrate that counsel's error prejudiced the defense. *Strickland v. Washington*, 466 U.S. at 691-92. To meet this burden, Petitioner must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694-95. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at

3

694.

The *Strickland* standard of review applies to ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991), *cert. denied*, 502 U.S. 1077(1992). To establish such a claim, Petitioner must show that appellate counsel performed deficiently and that the deficient performance resulted in prejudice. To demonstrate deficient performance, Petitioner must show that appellate counsel's failure to discover a non-frivolous issue and file a merits brief raising that issue fell outside the range of professionally acceptable performance. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). To demonstrate prejudice, Petitioner must show a reasonable probability exists that, but for appellate counsel's unreasonable failure to file a merits brief on this issue, he would have prevailed on appeal. *Smith v. Robbins*, 528 U.S. at 285-86.

### Procedural Default

A claim that was available but was not raised in the district court or on appeal is procedurally defaulted from consideration on collateral review, absent cause and prejudice. *McCoy v. United States*, 266 F.3d 1245, 1258-59 (11th Cir. 2001); *Bousley v. United States*, 523 U.S. 614, 622 (1998). To show cause for not raising a claim, a petitioner must show that "some objective factor external to the defense" which impeded his ability to raise the claim previously. *Lynn v. United States*, 365 F.3d 1225, 1235 n.20 (11th Cir.), *cert. denied*, 543 U.S. 891 (2004); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must demonstrate that "errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (internal citations omitted). To establish actual innocence, a petitioner must demonstrate factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 623-24.

4

**Prior Resolution**

The Government contends that Petitioner is precluded from asserting the claims raised in Grounds One, Two, Four, and Seven of the Section 2255 motion because the claims were previously resolved on direct criminal appeal (CV Dkt. 6 at pp. 4-7).   "'Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.'"  *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977)); *see also Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (section 2255 motion is neither a recapitulation of nor a substitute for direct appeal; absent changed circumstances of fact or law, court will not reconsider an issue already decided on direct appeal).

**Discussion**

**Ground One: Mr. Yuk was constructively denied counsel during the post-conviction stage of the prosecution, including direct appeal stage.**

A. Claim 1.1

Petitioner contends that trial counsel was ineffective because he did not know the proper procedure to introduce videotaped statements from Petitioner's co-defendants (that were obtained after the trial) in support of Petitioner's motions for a new trial.  Petitioner asserts that the statements exonerated him, and had counsel known how to introduce the statements during the hearing on the motion for a new trial, the motion would have been granted.

Even if counsel was deficient in failing to proffer the co-defendants' videotapes in support of the motions for new trial, Petitioner cannot establish prejudice.  In denying Petitioner's second motion for a new trial, the Court assumed that the co-defendants' videotaped statements corroborated "Mr. Tam's contention that he did not have knowledge of the cocaine conspiracy." (CR Dkt. 366 at

5

p. 4).  But despite that assumption, the Court concluded that in light of the evidence at trial, the co-defendants' corroboration "would not probably produce a different verdict as to Tam."  (Id. at p. 7). Therefore, even if counsel had introduced the co-defendants' videotaped statements in support of his motions for a new trial, Petitioner has failed to demonstrate there was any reasonable probability of a different outcome.

Petitioner further contends in Claim 1.1 that trial counsel was ineffective in failing to advise him to file a Section 2255 motion and request discovery to obtain and present the co-defendants' statements before the co-defendants departed from the United States.  Petitioner again cannot demonstrate prejudice because he filed a timely *pro se* Section 2255 motion and could have requested the proposed discovery himself.

To the extent Petitioner appears to contend that counsel should have advised Petitioner to file a Section 2255 motion while his direct appeal was pending, and request discovery in the Section 2255 proceeding to obtain statements from the co-defendants, Petitioner likewise cannot show prejudice.  District courts generally do not have jurisdiction to consider a Section 2255 motion while a direct appeal is pending.  *See Blair v. United States*, 527 Fed. Appx. 838, 839 (11th Cir. 2013) (unpublished) ("In the absence of extraordinary circumstances, a district court does not have jurisdiction to consider or rule on a  § 2255 motion during the pendency of a direct appeal of the underlying criminal conviction or sentence.") (citing *United States v. Dunham*, 240 F.3d 1328, 1329 (11th Cir. 2001); *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990)). Moreover, according to Petitioner, statements were obtained from co-defendants prior to their departure.

Accordingly, Claim 1.1 does not warrant relief.

B. Claim 1.2

Petitioner contends that trial counsel was ineffective in filing an insufficient motion for new trial.  Specifically, Petitioner asserts that the motion for new trial "did not meet the minimum requirements for relief[.]" This claim is too vague and conclusory to support a claim of ineffective assistance of counsel because Petitioner  does not specify how counsel's motions for new trial did not "meet the minimum requirements for relief." *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective  assistance of counsel claim).  To the extent Petitioner is implicitly reasserting that counsel failed to present the co-defendants' videotaped statements, the claim fails for the same reasons discussed in Claim 1.1, above.

Accordingly, Claim 1.2 does not warrant relief.

C. Claim 1.3

Petitioner contends that counsel was ineffective on appeal 1) in failing to challenge the "Rule 33 issues" in a separate brief "in order not to have wasted the limited number of words available in the primary direct appeal,"[2] and 2) in challenging the established law that circumstantial evidence is sufficient to establish intent, rather than raising the claims that a) Petitioner's presumption of innocence was violated when the Court assumed Petitioner was guilty merely because he was aboard a vessel that was carrying drugs, and b) the Court abused its discretion when it used evidence that was introduced only against Petitioner's co-defendant Lam to deny Petitioner's motion for judgment of acquittal.

"A petitioner alleging ineffective assistance of appellate counsel 'must show that counsel's

---

[2] Rule 33 of the Federal Rules of Criminal Procedure governs motions for new trial in criminal proceedings.

performance was so deficient that it fell below an objective standard of reasonableness as well as demonstrate that but for the deficient performance, the outcome of the appeal would have been different.'" *Ferrell v. Hall*, 640 F.3d 1199, 1236 (11th Cir. 2011) (quoting *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004)).  Petitioner has not met his burden to show that the outcome of his direct appeal would have been different if appellate counsel 1) had not raised a challenge to the circumstantial evidence, and 2) had raised the claims Petitioner contends should have been raised.

To the extent Petitioner complains that appellate counsel was ineffective in arguing that "intent" may not be established by circumstantial evidence, the claim is baseless. A review of Petitioner's Initial Brief on direct appeal reveals that appellate counsel did not argue that "intent" may not be established by circumstantial evidence (CV Dkt. 6-2 at pp. 25-30).  Rather, counsel argued that the evidence was insufficient to support Petitioner's convictions (Id.).

To the extent Petitioner contends that appellate counsel should have argued that the Court violated Petitioner's presumption of innocence and erroneously denied Petitioner's motion for judgment of acquittal based on evidence introduced solely against co-defendant Lam, the claim likewise fails.  In denying Petitioner's motions for judgment of acquittal and new trial, the Court did not assume Petitioner was guilty of the charged crimes merely because he was on the vessel carrying the cocaine.  Rather, the Court recognized that Petitioner's "mere presence alone [was] insufficient to support a conviction. . ." (CR Dkt. 337 at p. 5), and determined that the circumstantial evidence "when considered in the totality, was sufficient to establish beyond a reasonable doubt that both defendants knowingly participated in the charged conspiracy. . . ." (Id. at p. 4).  And the Court did not deny Petitioner's motion for judgment of acquittal based on evidence introduced only against

8

Lam.  Rather, the Court denied the motion based on evidence introduced against Petitioner, namely, the evidence 1) that Petitioner was the owner of the vessel, 2) of the large quantity of cocaine, 3) of the circumstances under which the cocaine was transferred and secreted on Petitioner's vessel, 4) of Petitioner's inconsistent explanations to the crew regarding the contents of the packages containing the cocaine, and 5) that Petitioner offered a bonus to the crew not to say anything about the packages (CR Dkt. 337 at p. 4; CR Dkt. 366 at pp. 6-7).  Therefore, Petitioner has failed to show that appellate counsel performed deficiently in failing to raise these issues on direct appeal, and that counsel's failure to raise these issues prejudiced him.

Finally, Petitioner has failed to present any facts or authority showing that appellate counsel was authorized to separately brief the denial of his motions for new trial.  And even if appellate counsel was so authorized, Petitioner has wholly failed to demonstrate that there is a reasonable probability the outcome of his direct appeal would have been different if counsel had challenged the denial of Petitioner's motions for new trial in a separate brief.

Accordingly, Ground 1.3 does not warrant relief.

D. Claim 1.4

Petitioner complains that trial counsel was ineffective in failing to preserve issues for direct appeal.  Specifically, Petitioner contends that trial counsel failed to preserve the following claims: 1) Petitioner's presumption of innocence was violated when the Court assumed Petitioner was guilty merely because he was aboard a vessel that was carrying drugs, 2) the Court abused its discretion when it used evidence that was introduced at trial only against Petitioner's co-defendant Lam to deny Petitioner's motion for judgment of acquittal, 3) *Bruton* error,[3] and 4) "the severance error."

---

[3] *See Bruton v. U.S.*, 391 U.S. 123 (1968).

As discussed in Claim 1.3, above, Petitioner's claims that the Court presumed Petitioner was guilty merely because he was on a boat carrying cocaine, and that the Court erred in considering evidence admitted solely against co-defendant Lam to deny Petitioner's motion for judgment of acquittal are without merit.  And, because no motion to sever was filed, there was no order denying a motion to sever.  Therefore, there was no "severance error" to preserve.  Accordingly, because these claims are without merit, Petitioner cannot show that the failure to preserve them constituted ineffective assistance of counsel that caused him prejudice.

Finally, Petitioner appears to contend that trial counsel was ineffective in failing to preserve a *Bruton* error with regard to the admission of co-defendant Mao's post-arrest statement in which Mao described recognizing a Chinese individual on the boat which delivered the contraband to Petitioner's boat (the TAM FUK YUK) as the same individual he saw at a dinner meeting with Petitioner and co-defendant Lam the night before the TAM FUK YUK departed Hong Kong.

A *Bruton* error occurs "when a facially incriminating confession of a non-testifying codefendant is admitted during their joint trial."  *United States v. Persaud*, 605 Fed. Appx. 791, 798 (11th Cir. 2015) (unpublished).  "[O]nly those statements by a non-testifying co-defendant that directly inculpate or 'powerfully incriminate' the defendant give rise to a constitutional violation."  *United States v. Samson*, 540 Fed. Appx. 927, 932 (11th Cir. Fla. 2013) (unpublished) (citing *United States v. Arias*, 984 F.2d 1139, 1142 (11th Cir. 1993)).  "'A statement is powerfully incriminating if it 'expressly implicates' the defendant.'"  *Id*. (quoting *United States v. Mendoza-Cecelia*, 963 F.2d 1467, 1481 (11th Cir. 1992)).  "No *Bruton* problem exists, however, when the statement is 'not incriminating on its face, and became so only when linked with evidence later introduced at trial.'"  *Id*. (quoting *Richardson v. Marsh*, 481 U.S. 200, 208 (1987)).

10

Mao's post-arrest statement neither directly implicated nor "powerfully incriminated" Petitioner. While Mao's statement may have implicated Petitioner after it was linked with the other circumstantial evidence demonstrating that Petitioner knowingly possessed the cocaine and knowingly participated in the conspiracy, that is insufficient to support a *Bruton* violation.

Because Petitioner has failed to show a *Bruton* error, he cannot show counsel rendered deficient performance in failing to preserve the issue for appeal. *See United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue). Therefore, Claim 1.4 does not warrant relief.

Accordingly, Petitioner is not entitled to relief pursuant to Ground One.

**Ground Two: The district court violated the constitutionally guaranteed presumption of innocence.**

A. Claim 2.1

Petitioner appears to allege that the undersigned should have *sua sponte* recused himself due to bias against Petitioner. Petitioner contends that the undersigned's bias was evidenced by a statement the undersigned allegedly made that "any person on a boat with a shipment of drugs is presumed to be a drug dealer."

B. Claim 2.2

Petitioner complains that the Court improperly instructed the jury that a person on a boat containing drugs is presumed to be a drug dealer.

C. Claim 2.3

Petitioner contends that he was denied due process when the Court denied Petitioner's motion for judgment of acquittal based on evidence that was introduced at trial only against Petitioner's co-defendant Lam.

11

D. Claim 2.4

Petitioner contends that the Court erred and denied Petitioner a fair trial when it allowed the Government to admit "speculative or vague evidence of drug type" during trial. Specifically, Petitioner complains that the Government was not required to prove that the drug found on the boat was cocaine.

As an initial matter, because these issues were available to Petitioner during direct appeal, but were not raised, they are procedurally defaulted (see CV Dkt. 6-2 - Initial Brief of Appellant Tam Fuk Yuk; CV Dkt. 6-3 - Initial Brief of Appellant Lam (adopted and incorporated on direct appeal by Tam Fuk Yuk)). *See Bousley*, 523 U.S. at 622-24 (claims that previously were available and were not raised in a prior proceeding are procedurally defaulted and barred from consideration on collateral review). Petitioner has not demonstrated cause for the default, or that he is actually innocent of the crimes of conviction. *See Bousley*, 523 U.S. at 622.

Additionally, even if the claims were not procedurally defaulted, they would fail on the merits. The Court did not state or instruct the jury that "any person on a boat with a shipment of drugs is presumed to be a drug dealer." Rather, the Court instructed the jury that "a defendant's mere presence on the boat without actual knowledge that the packages contained cocaine does not constitute conspiracy to distribute cocaine, nor does it constitute possession of cocaine with the intent to distribute it." (CR Dkt. 394 at p. 20). Therefore, there was no basis for the undersigned to recuse himself, and no improper instruction. Accordingly, Claims 2.1 and 2.2 do not warrant relief.

To the extent Petitioner contends in Claim 2.3 that he was denied due process because the court denied his motion for judgment of acquittal based on evidence introduced only against co-

defendant Lam, the claim is denied for the same reasons Claim 1.3 was denied, above.

With regard to Claim 2.4, Petitioner incorrectly asserts that the Government was not required to prove that the controlled substance found on the boat was cocaine. The Court instructed the jury, in pertinent part, that "[i]n order to find a defendant guilty, you must be convinced that the government has proven beyond a reasonable doubt that *the defendant knew the packages contained cocaine* and that he acted with the intent that the cocaine be possessed and delivered." (CR Dkt. 394 at p. 20) (emphasis added). And, the Government presented evidence proving the drug was cocaine (see CR Dkt. 386 at p. 49).

Finally, to the extent Petitioner asserts in Claim 2.2 that counsel was ineffective in failing to challenge the jury instruction that a "person on a boat with a shipment of drugs is presumed to be a drug dealer," the claim fails because there was no such instruction. Appellate counsel cannot be found ineffective for failing to raise a meritless claim. And Petitioner's claim that appellate counsel had a conflict of interest because he also represented Petitioner at trial, and therefore was precluded from challenging (on direct appeal) his own ineffective assistance at trial, is likewise meritless.[4] Appellate counsel did not have a conflict of interest because this Circuit generally does not address ineffective assistance of trial counsel claims on direct appeal. *See United States v. Puentes-Hurtado,* 2015 U.S. App. LEXIS 12647, at *11 (11th Cir. July 22, 2015) (unpublished) ("We generally do not address ineffective assistance of counsel claims on direct appeal[.]") (citing *United States v. Hilliard,* 752 F.2d 578, 580 (11th Cir. 1985)). Ineffective assistance of trial counsel claims are generally brought in a motion under 28 U.S.C. § 2255. *Massaro v. United States,* 538 U.S. 500, 504 (2003) ("in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of

---

[4]The Court notes that it is a common occurrence that trial counsel also acts as counsel on direct appeal.

ineffective assistance"). Additionally, Petitioner suffered no prejudice "as an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id*.

Accordingly, Ground Two does not warrant relief.

**Ground Three: Mr. Yuk was constructively denied counsel during the trial stage of the proceeding.**

A. Claims 3.1 and 3.3

Petitioner complains that trial counsel was ineffective in failing to file a motion to sever his trial from the other co-defendants. He contends that had he been tried separately, the jury would not have heard co-defendant Mao's out-of-court statement that implicated Petitioner, and the co-defendants would have testified that Petitioner was innocent.  In response to this claim, trial counsel attests in his affidavit that he did not move to sever because he "did not believe there was a valid basis for a motion to sever."  (CV Dkt. 27-1 at p. 2, ¶8).

Federal Rule of Criminal Procedure 8 (b) states, in pertinent part, that "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Petitioner was indicted with 6 co-defendants, charged with conspiring to possess with intent to distribute five kilograms or more of cocaine while onboard a vessel subject to the jurisdiction of the United States, and with aiding and abetting each other and others unknown in possessing five kilograms or more of cocaine with intent to distribute while aboard a vessel subject to the jurisdiction of the United States (CR Dkt. 1).  Generally, "defendants who are indicted together are usually tried together."  *United States v. Browne*, 505 F.3d 1229, 1268 (11th Cir.2007). "That rule is even more pronounced in conspiracy cases where the refrain is that 'defendants charged with a

14

common conspiracy should be tried together.'" *United States v. Lopez*, 649 F.3d 1222, 1234 (11th Cir. 2011) (quoting *United States v. Beale*, 921 F.2d 1412, 1428 (11th Cir.1991)).

In making the determination whether to sever, "the right of the defendant to a fair trial" is balanced "against the public's interest in efficient and economic administration of justice." *United States v. Baker*, 432 F.3d 1189, 1236 (11th Cir. 2005). Severance is warranted only when the defendant can demonstrate that a joint trial will result in "specific and compelling prejudice" to his defense, resulting in "fundamental unfairness." *Id.* "A defendant's burden of demonstrating 'compelling prejudice' stemming from the denial of a motion to sever is a heavy one." *United States v. Mack*, 572 Fed. Appx. 910, 929 (11th Cir. 2014) (unpublished opinion) (citing *United States v. Pepe*, 747 F.2d 632, 651 (11th Cir. 1984)).

To the extent Petitioner argues that his co-defendants "would have testified to his innocence" if he had been tried separately, "a movant seeking severance in reliance on the exculpatory testimony of a co-defendant must show: (1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and the effect of the desired testimony; and (4) that the co-defendant would indeed have testified at a separate trial." *Mack*, 572 Fed. Appx. at 929 (citing *United States v. Novaton*, 271 F.3d 968, 989 (11th Cir. 2001)).

Petitioner has not established a likelihood that his co-defendants would have testified in a separate trial. "A movant 'must establish . . . that the designated co-defendant will in fact testify at a separate trial.'" *Mack*, 572 Fed. Appx. at 930 (quoting *United States v. Morrow*, 537 F.2d 120, 135 (5th Cir. 1976)). "Movant . . . need only demonstrate a 'likelihood' of future testimony by his co-defendant . . . .'" *Id.* (quoting *Morrow*, 537 F.2d at 135 n.9). Petitioner has failed to present an affidavit or testimony from any co-defendant indicating a willingness to testify had the cases been

severed. "The court is not required to sever where the possibility of the codefendant's testifying is merely colorable or there is no showing that it is anything more than a gleam of possibility in the defendant's eye." *Byrd v. Wainwright*, 428 F.2d 1017, 1022 (5th Cir.1970).

And even if the co-defendants were willing to testify, Petitioner has failed to show that their testimony would have been exculpatory. "It must be shown that the [co-defendant's] testimony would be exculpatory in effect. . . .The movant must make a clear showing of what the codefendant would testify to." *Byrd*, 428 F.2d at 1020 (citations omitted). Other than his vague and self-serving statement that co-defendants "would have testified that Petitioner was innocent," Petitioner has failed to allege the substance and exculpatory nature of the co-defendants' testimony.[5]

Additionally, Petitioner has not demonstrated that Mao's post-arrest statement would have been inadmissible at a separate trial. And regardless of whether Mao's statement would have been inadmissible, Mao's statement was largely incidental to the Government's case, and the admission of the statement did not render Petitioner's trial so fundamentally unfair as to require a separate trial.

Finally, even if trial counsel had made a successful motion to sever the trial, the Court cannot find any reasonable probability that the jury's verdict would have been different in light of the strength of the circumstantial evidence against Petitioner, together with the other evidence introduced at trial.

Because Petitioner has failed to show that the motion to sever would have been granted, and

---

[5]Petitioner may be implicitly relying on a proffer by co-defendant Lam's attorney during Petitioner and co-defendant Lam's joint sentencing hearing in which Lam's attorney stated that notwithstanding Lam's trial testimony in which he denied knowing that there was cocaine on board the vessel, he now admitted his guilt, accepted responsibility for his conduct, and admitted that he lied to the crewman about the nature of the trip (see CR Dkt. 366 at p. 2). Although Lam addressed the Court in allocution, he did not expressly admit his guilt or confirm his attorney's statements. Nor did he exonerate Petitioner (Id).

that the outcome would have been different had the trials been severed, Petitioner cannot show

counsel was deficient in failing to file the motion, or resulting prejudice.  Accordingly, Claims 3.1

and 3.3 do not warrant relief.

B. Claim 3.2

Petitioner contends that counsel was ineffective in failing to interview and call at trial

witnesses who would have testified as to "Mr. Yuk's background and character."  This claim does

not warrant relief because it is wholly vague and conclusory.  Petitioner does not identify the

individuals who would have testified, the substance of their testimony, or that the witnesses would

have been available to testify.[6]

Petitioner's vague and unsupported contention that counsel should have contacted character

witnesses and called them to testify, without more, is insufficient to warrant relief.  *Tejada v.*

*Dugger*, 941 F.2d at 1559 (vague, conclusory, or unsupported allegations cannot support an

ineffective assistance of counsel claim).  His unsupported allegations about potential witnesses are

insufficient to find that trial counsel performed deficiently, and do not satisfy his burden to show that

there was a reasonable probability that if these unidentified "character" witnesses had testified, the

outcome of the trial would have been different.

Accordingly, Claim 3.2 does not warrant relief.

C. Claim 3.4

Petitioner complains that the design of the courtroom prejudiced him, apparently because

the court interpreter was positioned "directly opposite the jury and at right-angle to the witness."

---

[6]In his affidavit, counsel asserts that "[w]hile potential character witnesses were identified, none of them were located despite diligent efforts."  (CV Dkt. 27-1 at p. 1, ¶6).

Petitioner appears to argue that the position of the court interpreter prevented the witness from "look[ing] at the jury when answering," and therefore "the nonverbal communication was inevitably misconstrued by the jury."

This claim will be denied for three reasons.  First, it should have been the subject of a direct appeal, was not, and is therefore procedurally defaulted.  Petitioner cannot show cause for the procedural default.  It is therefore barred from collateral review.  Second, Petitioner's contention that co-defendant Lam, or any other witness, was not looking at the jury while answering questions is unsupported by any evidence or citation to the record. Third, even if the witnesses looked at the court interpreter while answering questions, Petitioner's contention that the jury "misconstrued" "nonverbal communication" to Petitioner's detriment  is purely speculative.

Accordingly, Claim 3.4 does not warrant relief.

D. Claim 3.5

Petitioner contends that in light of the circumstantial evidence against him, it was imperative that trial counsel call someone to testify on Petitioner's behalf.  Petitioner therefore argues that  trial counsel was ineffective 1) in failing to present the testimony of "any favorable character witness," and 2) in "refus[ing] to allow Mr. Yuk to testify. . . ."

Petitioner raised his claim that counsel was ineffective in failing to call character witnesses in Claim 3.2, above, and raised his claim that counsel refused to allow Petitioner to testify in Claim 6.3, below.  Therefore, Claim 3.5 is denied for the same reasons the Court denied Claims 3.2 and 6.3.

Accordingly, Ground Three does not warrant relief.

**Ground Four: As enforced the Marine Drug Law Enforcement Act is unconstitutional.**

In Ground Four, Claims 4.1-4.6 and 4.8, Petitioner challenges the constitutionality of the

Maritime Drug Law Enforcement Act (MDLEA), 46 U.S.C. §§ 70501 - 70508.  Petitioner argues

that the MDLEA is unconstitutional because: 1) the statute grants the Government the discretion to

choose the venue for the trial, and because in Petitioner's case the Government chose a venue where

there is a small population of people of oriental dissent, Petitioner was denied a jury of his peers; 2)

it permits illegal searches and seizures in violation of the Fourth Amendment; 3) it constitutes an

impermissible ex post facto law and a bill of attainder; 4) it does not require the Government to

demonstrate a nexus between the offense and the United States; 5) it denies due process where it

punishes persons for conduct which they had no notice could subject them to criminal punishment;

6) it circumvents extradition treaties; and 7) it impermissibly removes from the jury the

determination of an element of the crime, namely, whether the defendant's conduct was intended to

affect the United States.   In Claim 4.7, Petitioner contends that he was not read his rights

(presumably his *Miranda* rights) at the time he was arrested.

Each claim in Ground Four either was raised or could have been raised in Petitioner's direct

appeal.[7]  Petitioner cannot re-litigate in his Section 2255 motion matters that were decided against

him in his direct appeal.  *See Nyhuis*, 211 F.3d at 1343.  And, the arguments that he could have, but

did not raise on direct appeal are procedurally barred.  *See  Mills v. United States*, 36 F.3d 1052,

1055-56 (11th Cir. 1994) ("Generally speaking, an available challenge to a criminal conviction or

sentence must be advanced on direct appeal or else it will be considered procedurally barred in a §

2255 proceeding.") (citation omitted).  Petitioner has not demonstrated cause for the default, or that

he is actually innocent of the crimes of conviction.

Moreover, even if Petitioner's challenge to the MDLEA was not procedurally barred, it

---

[7]See CV Dkt. 6-3 at pp. 41-45.

would fail on the merits. In this Circuit the MDLEA has consistently been upheld against constitutional challenges. *See United States v. Estupinan*, 453 F.3d 1336, 1338-39 (11th Cir. 2006); *United States v. Tinoco*, 304 F.3d 1088 (11th Cir. 2002), *cert. denied*, 538 U.S. 909 (2003); *United States v. Rendon*, 354 F.3d 1320, 1324-25 (11th Cir. 2003); *United States v. Estupinan-Estupinan*, 244 Fed.Appx. 308, 309-10 (11th Cir. 2007).

Accordingly, Ground Four does not warrant relief.

**Ground Five: Mr. Yuk has been denied due process of law, since he is actually innocent of the crime of conviction.**

A. Claim 5.1

Petitioner contends that the Government has an obligation and ethical duty to pursue Petitioner's release or, alternatively, a new trial because Petitioner is actually innocent of the crime for which he was convicted. Petitioner asserts that the Government knows he is actually innocent because it is aware of co-defendant Mao's "clarified statement" which demonstrates that Mao's testimony was "either false or misunderstood."

Petitioner's claim fails because Mao's post-trial statement does not establish that Petitioner is actually innocent of the crimes for which he was convicted.[8] As noted above, in his post-trial statement Mao recanted his post-arrest statement in which he described recognizing a Chinese individual on the boat which delivered the cocaine to Petitioner's boat as the same individual he saw at a dinner meeting with Petitioner and co-defendant Lam the night before Petitioner's boat departed Hong Kong.

Initially, Mao's recantation must be viewed "with extreme suspicion." *United States v.*

---

[8]Petitioner has failed to proffer any other evidence in support of his claim of actual innocence.

20

*Santiago*, 837 F.2d 1545, 1550 (11th Cir.1988) ("recantations are viewed with extreme suspicion by the courts.") (citing *Newman v. United States*, 238 F.2d 861, 862 (5th Cir. 1956)).  Moreover, even accepting Mao's recantation as true, the circumstantial evidence presented at trial was sufficient to uphold the guilty verdicts independent of Mao's post-arrest statement regarding the dinner meeting (see CR Dkt. 337 at pp. 8-11).  Accordingly, Claim 5.1 does not warrant relief.

B. Claim 5.2

Petitioner contends that his rights were violated when the Court "allowed Mr. Yuk to proceed with obviously incompetent counsel."  Petitioner asserts that trial counsel was "obviously incompetent" because he did not know 1) "how to arrange overseas depositions," and 2) "how to introduce exculpatory videotapes."

This claim is meritless.  First, the Court was under no obligation to *sua sponte* appoint new counsel for Petitioner, especially where Petitioner never informed the Court that he was dissatisfied with counsel, and never asserted "a conflict of interest, a complete breakdown of communications between himself and his attorney, or an otherwise irreconcilable conflict." *United States v. Rivera*, 348 Fed. Appx. 461, 463 (11th Cir. 2009) (citing *United States v. Garey*, 540 F.3d 1253, 1262 (11th Cir. 2008) (en banc) (explaining good cause to appoint a new attorney refers to a "fundamental" problem, such as a conflict of interest, a complete breakdown in communication between the client and the attorney, "or an irreconcilable conflict which leads to an apparently unjust verdict")).  Additionally, despite Petitioner's assertion to the contrary,[9] Petitioner's attorney is an experienced criminal defense lawyer who regularly represents clients before this Court.

---

[9]Petitioner contends that "counsel lacked the skill or experience to properly handle this case. . . ." (CV Dkt. 1 at docket p. 24).

Second, Petitioner asserts no facts in support of his allegation that it was apparent counsel did not know "how to arrange overseas depositions." Moreover, the record indicates that counsel informed the Court at the start of trial that he did not travel to mainland China or Hong Kong to take depositions because 1) he did not have any witnesses in mainland China, 2) he had been informed by the Court that there was a possibility he could be arrested for practicing law without a license if he took depositions in mainland China, and 3) two of the Hong Kong witnesses were not likely to appear at the depositions, and counsel obtained a stipulation from the Government regarding the testimony of the third Hong Kong witness (CR Dkt. 384 at pp. 7-8).

Third and finally, with regard to Petitioner's allegation that it was apparent that counsel did not know "how to introduce exculpatory videotapes," Petitioner again asserts no facts in support of his allegation. Presumably, Petitioner is alleging that counsel did not know how to introduce the post-trial videotaped statements of the five acquitted co-defendants in support of Petitioner's Second Motion for New Trial Based on Newly Discovered Evidence (see CR Dkt. 348). Regardless, however, of whether counsel could have or should have submitted the videotaped statements to support the Second Motion for New Trial, the Court assumed for purposes of that motion that the post-trial videotaped statements corroborated Petitioner's contention that he did not have knowledge of the cocaine conspiracy (see CR Dkt. 366). Having made that assumption, the Court nevertheless concluded that the evidence was sufficient to uphold the guilty verdicts independent of the post-trial videotaped statements (Id.). Therefore, Petitioner cannot show that he was prejudiced by counsel's failure to submit the post-trial videotaped statements.[10] Consequently, Claim 5.2 does not warrant

---

[10]For purposes of the instant Section 2255 motion, the Court reviewed the post-trial videotaped statement of Mao that Petitioner provided to the Court with his Motion to Expand the Record (see CV Dkts. 15, 16). Mao's post-trial videotaped statement is consistent with Petitioner's investigator's affidavit, which describes what Mao told the investigator, and which was filed in support of the Renewed Motion for Judgment of Acquittal and Motion for a New

relief.

Accordingly, Petitioner is not entitled to relief pursuant to Ground Five.

**Ground Six: Mr. Yuk was constructively denied counsel during the pretrial stage of the prosecution**.

A. Claim 6.1

Petitioner appears to complain that counsel did not adequately explain the risks and benefits of going to trial versus the benefits of pleading guilty, including 1) that Petitioner could be convicted on circumstantial evidence, 2) the significance of the evidence that Petitioner was the owner of the boat, and his name was on the boat, 3) that he could secure a reduction in offense level of three points for acceptance of responsibility, 4) that courts tend to be "more lenient" on defendants who plead guilty, and 5) that he could be sentenced to life imprisonment if he proceeded to trial and was found guilty.[11]  Petitioner contends that "[a]lthough [he] still maintains his actual innocence. . .[he] may have opted for the certainty of a lower sentence, if Mr. Brunvand had explained the legal circumstances, and likely consequences of [Petitioner's] alternative courses of action."

This claim fails because Petitioner cannot show prejudice.  "To establish prejudice based on ineffective assistance in deciding  whether to plead guilty or go to trial, a defendant 'must show that there is a reasonable probability that, but for counsel's errors, he would . . . have pleaded guilty and would [not] have insisted on going to trial.'"  *Pericles v. United States*, 567 Fed. Appx. 776, 781-782 (11th Cir. 2014) (quoting *Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995) (alterations in

---

Trial  (see CR Dkt. 318-2).  For purposes of that motion, the Court accepted the investigator's affidavit "as an accurate description of what Mao told her. . . ."  (see CR Dkt. 337 at p. 9).  Nonetheless, the Court concluded that Mao's recantation, if presented to a jury at a new trial, would likely not result in an acquittal of Petitioner (Id. at p. 10).  Nothing in Mao's post-trial videotaped statement changes that conclusion.

[11]Petitioner was not sentenced to life imprisonment.  Rather, he was sentenced to 180 months imprisonment (CR Dkt. 346).

original) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985))).

Petitioner has not shown prejudice because he cannot show a reasonable probability that he would have entered a guilty plea if counsel "had explained the legal circumstances, and likely consequences of [Petitioner's] alternative courses of action." First, Petitioner does not indicate that he would have entered a guilty plea. Rather, at best, Petitioner contends that he "may have" entered a guilty plea. Second, Petitioner maintained his innocence throughout his criminal case, and continues to maintain his innocence. Third, Petitioner has cited no evidence indicating that prior to his conviction he expressed any desire to plead guilty.

In light of Petitioner's 1) failure to allege that he would have pleaded guilty but for counsel's errors, 2) unwavering claim of innocence, and 3) failure to cite to any evidence indicating he desired to plead guilty before he was convicted, he has failed to show a reasonable probability that he would have entered a guilty plea but for counsel's alleged errors. *See Diaz v. United States*, 930 F.2d 832, 835 (11th Cir. 1991) (concluding that defendant failed to establish prejudice with respect to counsel's advice not to accept plea offer where defendant did "not allege that but for his attorney's errors, he would have accepted the plea offer," and where defendant cited "no evidence to indicate that prior to his conviction he expressed any desire to plead guilty."); *Pericles*, 567 Fed. Appx. at 782 ("In light of Pericles's insistence that he is innocent of the offense, there is no reasonable probability that he would have pled guilty if, before Pericles pled, his attorney had reviewed his criminal history.") (citing *Osley v. United States*, 751 F.3d 1214, 1224 (11th Cir. 2014) (defendant claiming ineffective assistance of counsel based on attorney's failure to advise him that he faced a mandatory minimum sentence could not show prejudice in part because his "claim that he would have pled guilty had he been properly informed [was] . . . undermined by his repeated claims of

24

innocence.")).  Petitioner's self-serving and unsupported allegation that he "may have" entered a guilty plea is insufficient to establish prejudice.  *See Pericles*, 567 Fed. Appx. at 782 ("A defendant's 'after the fact testimony concerning his desire to plead, without more, is insufficient to establish' prejudice.") (quoting *Diaz*, 930 F.2d at 835).

Accordingly, Claim 6.1 does not warrant relief.

B. Claim 6.2

Petitioner appears to contend that counsel was ineffective in failing to 1) thoroughly investigate potential defenses, and 2) interview witnesses.  "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. . . ."  *Strickland*, 466 U.S. at 691.  Additionally, "[c]ounsel has a duty to interview potential witnesses and make an independent examination of the facts, circumstances, pleadings and laws involved."  *Rummel v. Estelle*, 590 F.2d 103, 104 (5th Cir. 1979) (internal quotations omitted).  Here, however, Petitioner's allegations of ineffective assistance are so vague and non-specific that they simply cannot demonstrate either prong of the *Strickland* test.  Petitioner does not identify the witnesses he believes counsel should have interviewed, or the substance of their testimony.  Nor does Petitioner suggest what else counsel could or should have done to investigate his case.

Because Petitioner's allegations that counsel was ineffective in failing to investigate defenses and interview witnesses are wholly vague and conclusory, they are insufficient to support a claim for ineffective assistance of counsel.  *Tejada v. Dugger*, 941 F.2d at 1559 (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim).

Accordingly, Claim 6.2 does not warrant relief.

C. Claim 6.3

Petitioner contends that counsel was ineffective in 1) failing to call Petitioner to testify at trial, 2) depriving Petitioner of his right to testify at trial by preventing Petitioner from testifying, and 3) failing to inform Petitioner a) that he had the right to testify at trial, and b) that he had the final decision whether or not to testify.[12]

In response to these claims, the Government submitted defense counsel's affidavit in which defense counsel attested, in pertinent part, that 1) he explained to Petitioner "that the ultimate decision about testifying was [Petitioner's] decision[,]" and 2) he "did not prevent [Petitioner] from testifying[,]" but rather "spent many hours preparing [Petitioner] for the potential that he might testify [and] discussed the pros and cons of him testifying or not testifying" and "[i]t was [Petitioner's]. . .decision not to testify."  (CV Dkt. 27-1 at p. 2, ¶¶ 9-10).

A criminal defendant has a constitutional right to testify at trial which cannot be waived by defense counsel. *Hester v. United States*, 335 Fed. Appx. 949, 951 (11th Cir. 2009); *United States v. Teague*, 953 F.2d 1525, 1532 (11th Cir.), *cert. denied*, 506 U.S. 842 (1992).  The decision whether or not to testify cannot be exercised by counsel.  *Teague*, 953 F.2d at 1533.  To be effective in this context, counsel must advise a defendant of his right to testify or not testify, the strategic implications of each choice, and that it is ultimately for the defendant himself to decide whether to testify.  *McGriff v. Department of Corrections*, 338 F.3d 1231, 1237 (11th Cir. 2003).  Counsel is strongly presumed to have been competent, and the defendant's burden of persuasion, although not insurmountable, is a "heavy one."  *Chandler v. United States*, 218 F.3d 1305, 1314-16 (11th Cir.

---

[12]Petitioner raised this claim in his memorandum in support of his motion to amend his Section 2255 motion (CV Dkt. 11).

2000).  Where, as here, counsel is experienced, the presumption of competence is even higher.  *Id.*;

*Reynolds v. United States*, 233 Fed. Appx. 904, 905 (11th Cir. 2007).

During trial, the Court conducted an *in camera* hearing during which it expressly advised

Petitioner that he had "the right to testify" and the decision to testify was "[his] decision, not [his]

lawyer's," after considering the advice of his attorney (CR Dkt. 427).[13] The record demonstrates that

Petitioner understood that 1) he had the right to testify, and 2) it was his decision whether or not to

testify, not his lawyer's (Id.).  He expressly confirmed that he made the decision not to testify (Id.).

Therefore, Petitioner's conclusory allegation that his attorney prevented him from testifying is

"affirmatively contradicted by the record."  *See Holmes v. United States*, 876 F.2d 1545, 1553 (11th

Cir. 1989) (no evidentiary hearing required where allegation affirmatively contradicted by record).

And even if counsel failed to explain Petitioner's right to testify and that the decision whether

or not to testify was Petitioner's, it is apparent from the *in camera* colloquy that Petitioner was fully

aware of his right to testify and made the decision not to testify.  As noted above, the Court

explained to Petitioner that he had the right to testify and that the decision was his alone to make.

Petitioner confirmed that it was his decision not to testify.  Petitioner therefore can show no

prejudice resulting from this alleged deficient performance.

Finally, if, as Petitioner apparently contends, he disagreed with counsel's strategic decision

not to put Petitioner on the stand, it was incumbent upon Petitioner to apprise the Court of that

disagreement during the *in camera* hearing, failing which it is presumed that he knowingly waived

his right to testify.  *See Goff v. Bagley*, 601 F.3d 445, 473 (6th Cir. 2010) ("Indeed, 'when a tactical

---

[13] Since Defendant's claim renders the side bar colloquy concerning his decision to testify relevant, the transcript of that colloquy is unsealed. (See CR Dkt. 427)

decision is made not to have the defendant testify, the defendant's assent is presumed,' and if a defendant disagrees with this decision, he 'must alert the trial court that he desires to testify or that there is a disagreement with defense counsel regarding whether he should take the stand'". . . "When a defendant does not alert the trial court of a disagreement, waiver of the right to testify may be inferred from the defendant's conduct. Waiver is presumed from the defendant's failure to testify or notify the trial court of the desire to do so."). *Id.* (quoting *United States v. Webber*, 208 F.3d 545, 551 (6th Cir. 2000)). Therefore, Claim 6.3 and Petitioner's amended claim of ineffective assistance (CV Dkt. 11) do not warrant relief.

Accordingly, Ground Six is denied.

**Ground Seven: The premature destruction of Mr. Yuk's property created an impermissible [sic] incentive for the government, and its agents, to convict Mr. Yuk; thereby circumventing the Constitution's taking clause and avoiding pay for Mr. Yuk's losses.**

A. Claim 7. 1

Petitioner complains that he was denied a fair trial because the Coast Guard intentionally sunk his boat and all the evidence on it. He contends that the boat was sunk to 1) "cover up the unreasonableness or illegality of the seizure," 2) destroy "exculpatory evidences [sic]," and 3) advance the careers "of the law enforcement personnel involved."

B. Claim 7.2

Petitioner contends that the destruction of his boat amounted to an unconstitutional taking of his property without due process.

Both Claim 7.1 and Claim 7.2 are procedurally barred from review because they were either raised or could have been raised in Petitioner's direct appeal.[14] Petitioner cannot re-litigate the

---

[14]See CV Dkt. 6-3 at pp. 41-45; CV Dkt. 6-2 at pp. 36-42.

claims that were decided against him in his direct appeal, *see Nyhuis*, 211 F.3d at 1343, and cannot assert claims that he could have, but did not raise on direct appeal. *Mill*s, 36 F.3d at 1055-56. Petitioner has not demonstrated cause for the default, or that he is actually innocent of the crimes of conviction.

Additionally, the claim that the Government took Petitioner's property without due process is not cognizable in a Section 2255 proceeding because it does not challenge the fact of his conviction or duration of his sentence. *See Dees v. Murphy*, 794 F.2d 1543, 1545 (11th Cir. 1986) ("Congress provided 28 U.S.C. § 2255 as the appropriate remedy for collateral attack of a federal conviction."); *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974) ("[P]roperty rights are cognizable and protectible under the Civil Rights Act."); *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009) ("[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254 or § 2255.").

Accordingly, Ground Seven does not warrant relief.

### Evidentiary Hearing

A court is not required to hold an evidentiary hearing where the record makes "manifest the lack of merit of a Section 2255 claim." *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984). This case does not warrant an evidentiary hearing because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003).

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DENIED**. The Clerk is directed to enter judgment against Petitioner and close this case.

29

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Petitioner cannot make the requisite showing because he cannot demonstrate that reasonable jurists would debate whether the Court's procedural rulings were correct, or whether the Section 2255 motion stated a substantial denial of a constitutional right. And because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on September 10ᵗʰ, 2015.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc
Copy furnished to:
*Pro Se* Petitioner
Counsel of Record

30